**Bryan D. TUTT, Petitioner**

v.

**FEDERAL AVIATION ADMINISTRATION and National Transportation Safety Board, Respondents.**

No. 05–1088.

United States Court of Appeals, District of Columbia Circuit.

Feb. 21, 2006.

Kathleen Ann Barbara Yodice, Yodice Associates, Washington, DC, for Petitioner.

Agnes M. Rodriguez, Federal Aviation Administration, Enforcement Division, Washington, DC, for Respondents.

Before: GARLAND, Circuit Judge, and SILBERMAN and WILLIAMS, Senior Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the National Transportation Safety Board and on the briefs of the parties. It is

**ORDERED AND ADJUDGED** that the petition for review be denied. The Board's decision affirming Petitioner's violations of the Federal Aviation Regulations (FAR) is supported by substantial evidence. *See Chritton v. NTSB,* 888 F.2d 854, 856 (D.C.Cir.1989).

Petitioner Tutt claims that the Board erred by concluding that he violated FAR §§ 43.13 and 65.81 in connection with his repair of loose louvers on the external air conditioning pack of an aircraft manufactured by Bombardier and operated by Comair. Section 43.13 requires use of "the methods, techniques, and practices prescribed in the current manufacturer's maintenance manual," or other practices acceptable to the Administrator, including those contained in the air carrier's maintenance manual. The Board concluded that Tutt's method of repair failed to comply with Bombardier's Canadair Regional Jet Structural Repair Manual (SRM), the applicable "manufacturer's maintenance manual."

Tutt maintains that the SRM did not apply, since the air conditioning ducts were not part of the aircraft's "structure." The SRM plainly states, however, that the "structural identity of fittings and attachments is the same as the structures to which they are attached." The ducts were attached to the aircraft's fuselage, part of the aircraft's primary structure. Tutt also argues that he had the option of relying on Comair's Contract Maintenance Manual (CMM), according to which the maintenance controller (a Comair employee) was responsible for instructing Tutt of repair procedures by telephone or fax and for furnishing him with "any technical data needed to perform the particular job in question." In this case, the maintenance controller provided no such guidance, but rather merely acquiesced in Tutt's proposed method of repair. And in any event, it was reasonable for the FAA to conclude that the provisions in the CMM relied upon by Tutt do not constitute actual "methods, techniques, and practices" applicable to the repair of the louvers. They merely describe a means of communicating repair information.

■ Substantial evidence supports the Board's finding that Tutt violated § 65.81(b) because Tutt logged his work with a reference to sections of the SRM that he neither reviewed nor followed. Section 65.81 requires a mechanic to "understand[ ] the current instructions of the manufacturer, and the maintenance manuals, for the specific operation concerned."

■ Substantial evidence also supports the Board's finding that Tutt failed to return the loose louvers to their original or properly altered condition, as is required by § 43.13(b). The pilot of the aircraft who reported the loose louvers prior to Tutt's repairs reported a "duplicate" discrepancy after 0.3 hours of flight.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.